**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LEI TANG | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Judge |
| | ) | |
| THE INDIVIDUALS, PARTNERSHIPS, | ) | Magistrate |
| AND UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE "A" | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiff, Lei Tang ("Plaintiff" or "Tang" hereinafter), brings this Complaint against The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule "A" (hereinafter, collectively, "Defendants") who are promoting, selling, offering for sale and distributing goods utilizing a series of product photographs covered by Plaintiff's U.S. federal copyright registration Nos. VA0002250612 and VA0002250627 (hereinafter, "the Tang Works"), for which true and correct copies of the registration records with relevant samples are attached hereto as Exhibits One and Two, respectively, within this district through various Internet based e-commerce stores using the seller identities as set forth on Schedule "A" ("Seller IDs" hereinafter). In support of his claims, Plaintiff alleges as follows:

**SUBJECT MATTER JURISDICTION**

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. §1338(a) and 28 U.S.C. § 1331.

1

**PERSONAL JURISDICTION**

2. Defendants are subject to personal jurisdiction in this judicial district because they purposefully direct their activities toward and conduct business with consumers throughout the United States, including within the State of Illinois and the Northern District of Illinois, through at least the internet based e-commerce stores accessible in Illinois and operating under the Seller IDs.

3. Defendants are subject to personal jurisdiction in this judicial district because they have purposefully directed some portion of their illegal activities towards consumers in the State of Illinois through the advertisement, offer to sell, sale, and/or shipment of goods sold utilizing unauthorized and infringing copies of Plaintiff's federally registered Tang Works into Illinois and Plaintiff's claims arise out of those activities.

4. Alternatively, defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

**VENUE**

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(3) because defendants are subject to the court's personal jurisdiction and not resident in the United States and therefore there is no district in which an action may otherwise be brought.

6. Venue is proper in this court pursuant to 28 U.S.C. § 1391 since defendants are, upon information and belief, aliens who are engaged in infringing activities and causing harm within this district by advertising, offering to sell, selling and/or shipping infringing products to consumers into this District.

7. Venue is proper in this court pursuant to 28 U.S.C. §1400(a) because defendants or their agents are subject to the Court's personal jurisdiction and therefore reside in this District or may be found here.

## **INTRODUCTION**

8. This action has been filed by Plaintiff to combat online copyright infringers who trade upon Plaintiff's reputation, goodwill and valuable copyrights by selling and/or offering for sale products utilizing unauthorized and infringing copies of Plaintiff's federally registered Tang Works.

9. On May 10, 2021, Plaintiff registered thirty-eight (38) product photographs (hereinafter referred to as the "Lei Diamond Painting Pen Group One") with the United States Copyright Office and received Registration No. VA0002250612. A true and correct copy of the federal registration record for the Lei Diamond Painting Pen Group One, with relevant samples, is attached hereto as Exhibit One. The Registration is valid, subsisting, and in full force and effect. Examples from the Group One Series are below:




10.     On May 11, 2021, Plaintiff registered an additional thirteen (13) product photographs (hereinafter referred to as the "Lei Diamond Painting Pen Group Two") with the United States Copyright Office and received Registration No. VA0002250627. A true and correct copy of the federal registration record for the Lei Diamond Painting Pen Group Two, with relevant samples, is attached hereto as Exhibit Two. The Registration is valid, subsisting, and in full force and effect. Examples from the Group Two Series are below:



11.     The Defendants' Seller IDs share unique identifiers, such as design elements and similarities of the products offered for sale utilizing unauthorized and infringing copies of the Tang Works, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal operation. Plaintiff is forced to file this action to combat Defendants' acts of copyright infringement. Plaintiff has been and continues to be irreparably damaged through consumer confusion, loss of control over creative

content and garnishment of his valuable copyrights as a result of Defendants' actions and seeks injunctive and monetary relief.

## THE PLAINTIFF

12. Plaintiff Lei Tang is a sole proprietor having his principal place of business at #21, Quan Dang Community, Tie He Kou Village, Cha Shan County, Li Ling City, Hunan Province, China, Post Code: 412200.

13. Plaintiff is the owner of all rights, title and interest in and to the Tang Works, U.S. Copyright Registration Nos. VA0002250612 and VA0002250627. The registrations are valid, subsisting, unrevoked and uncanceled. The registrations for the Tang Works constitute prima facie evidence of validity and of Plaintiff's exclusive right to use the Tang Works pursuant to 17 U.S.C. § 410(c).

14. Since June of 2020, Plaintiff has utilized the Tang Works in connection with the advertisement, marketing and sale of retail items, as depicted therein, in interstate and foreign commerce, including commerce in the State of Illinois and the Northern District of Illinois.

15. Plaintiff utilizes the Tang Works in connection with the advertisement, marketing and sale of retail items, as depicted in the Tang Works, through Amazon and authorized sellers.

16. Plaintiff has expended substantial time, money and other resources developing, advertising and otherwise promoting the photographed series in the Tang Works.

17. Due to Plaintiff's persistent marketing efforts utilizing the Tang Works, sales of the items depicted in the Tang Works have been significant with sales to at least the United States, the United Kingdom, Germany, Japan and Australia.

18. Since Plaintiff began utilizing the Tang Works in June 2020, Plaintiff has sold thousands of the items depicted therein.

19. Revenues and profits generated through utilization of the Tang Works to market the items depicted therein have been significant.

20. Each image contained in the Tang Works has independent economic value and has generated revenue in relation to the retail items depicted therein.

21. Plaintiff controls the content, designs, and images displayed in the Tang Works.

22. The Tang Works have never been assigned or licensed to any of the Defendants in this matter.

**THE DEFENDANTS**

23. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

24. Defendants are individuals and businesses who conduct business throughout the United States, including within Illinois and in this Judicial District, through the operation of the fully interactive commercial websites and online marketplaces identified in Schedule "A," which will be filed as an exhibit to Plaintiff's *Ex Parte* Motion to File Under Seal. Each Defendant targets the United States, including Illinois, and has solicited, marketed, promoted, and advertised their products in a manner that violates Plaintiff's rights in his federally protected Tang Works.

25. While the Defendants' true identities and locations are now unknown to Plaintiff, upon information and belief, Defendants are individuals and business entities who reside in the People's Republic of China or other foreign jurisdictions. Tactics used by Defendants to conceal their identities and the full scope of their infringement network make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their network. In the

6

event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## THE DEFENDANTS' UNLAWFUL CONDUCT

26. Plaintiff's success in utilizing the Tang Works to market and promote sales of the retail items depicted therein has resulted in widespread infringement. Plaintiff has identified numerous domain names linked to marketplace listings on various e-commerce platforms including the Defendant Internet Stores, which were offering, marketing, soliciting, and advertising to consumers in this Judicial District and throughout the United States in a manner that violates Plaintiff's exclusive copyright in the Tang Works.

27. Upon information and belief, Defendants facilitate sales by designing the Seller ID's with photographs, words, depictions, and details either identical or substantially similar to the Tang Works. Many of the Defendants' Seller IDs accept payment in U.S. dollars via credit cards and/or PayPal.

28. Defendants solicit, market, and advertise their products in depictions, presentations, photographs, and/or images that are identical or substantially similar Plaintiff's protected Tang Works.

29. Defendants often go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of online stores. For example, to avoid detection, Defendants register their online stores using names and physical addresses that are incomplete, contain randomly typed letters, or fail to include cities or states. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the Seller IDs listed in Schedule "A" to the Complaint, as well as other unknown fictitious names and addresses. Such registration patterns are one of many

7

common tactics used by the Defendants to conceal their identities, the full scope and interworking of their network, and to avoid being shut down.

30. There are also similarities among the Defendants' online stores. For example, some of the Defendant websites have virtually identical layouts. In addition, the infringing depictions on the Defendants' online stores bear similarities and indicia of being related to one another.

31. Defendants in this case and defendants in other similar cases against online copyright infringers use a variety of other common tactics to evade enforcement efforts. For example, pirating copyright infringers like Defendants will often register new domain names or online marketplace accounts under new aliases once they receive notice of a lawsuit, will engage in spoliation of evidence by deleting or modifying registration data and other evidence showing identity and infringement.

32. Further, pirating copyright infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts. Upon information and belief, the foreign Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts to off-shore bank accounts outside the jurisdiction of this Court.

33. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use Plaintiff's Tang Works in connection with advertisement, distribution and offering for sale of the products depicted therein without Plaintiff's consent or authorization. Each of the Defendants' online stores offers shipping to the United States, including Illinois and each Defendant has offered to sell retail items into Illinois and this judicial district utilizing unauthorized and infringing copies of Plaintiff's Tang Works.

34. Defendants' use of the unauthorized and infringing copies of the Tang Works in connection with the advertising, distribution, offering for sale, and sale of the retail products depicted in the Tang Works causes irreparable harm to Plaintiff.

**COUNT ONE:**
**INFRINGEMENT OF COPYRIGHT**
**17 U.S.C §101 ET SEQ.**

35. Plaintiff incorporates the allegations of paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. Plaintiff has complied in all respects with the Copyright Act of the United States and all other laws governing copyright and secured the exclusive rights and privileges in and to the copyrights at issue in this action.

37. Pursuant to 17 U.S.C. § 411 (a), Plaintiff registered his copyrights for his advertising and marketing. The registrations for the Tang Works are valid, subsisting, unrevoked and uncanceled.

38. Defendants directly infringed one or more of Plaintiff's exclusive rights in his federally registered Tang Works under 17 U.S.C. § 106.

39. Defendants copied, displayed, and distributed Plaintiff's copyright protected Tang Work and/or prepared derivative works based upon Plaintiff's copyright protected Tang Works in violation of Plaintiff's exclusive rights under 17 U.S.C. §106(1), (2) and/or (5).

40. Defendants' conduct constitutes willful and direct copyright infringement of Plaintiff's copyright protected Tang Works.

41. Defendants profited from the direct infringement of the exclusive rights of Plaintiff in the Tang Works at issue in this case under the Copyright Act.

42. Defendants' infringement is not limited to the copyright infringement listed above. Plaintiff will identify such additional infringement after discovery.

43. On information and belief, there is a business practice of infringement by Defendants.

44. On information and belief, defendants routinely and intentionally infringe the intellectual property rights of others, including but not limited to, acting with willful blindness and/or reckless disregard.

45. Plaintiff has been damaged by the Defendants' acts of copyright infringement.

46. The harm to Plaintiff is irreparable.

47. Plaintiff is entitled to temporary and permanent injunctive relief from Defendants' willful infringement.

48. As a result of Defendants' infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to actual and/or statutory damages, including any profits obtained by Defendants attributable to the infringements, pursuant to 17 U.S.C. §504 for Defendants' infringement of the Tang Works.

49. Plaintiff is entitled to recover his reasonable costs and attorneys' fees incurred in prosecuting this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. using Plaintiff's copyrighted works in marketing, advertising, soliciting, or display, derivative or directly, which is not directly authorized by Plaintiff;

b. further infringing of the Tang Works;

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platform identified on Schedule A, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, and Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers"), shall:

a. disable and cease providing services to engage in the advertisements using the Tang Works or derivative works thereof;

b. take all steps necessary to prevent links to the Seller IDs identified in Schedule A, from displaying in search results, including but not limited to, removing links to the Defendants' sites displaying the Tang Works from any search index;

3) For Judgment in favor of Plaintiff against Defendants that they have:

a. willfully infringed Plaintiff's rights in his federally registered copyrights pursuant to 17 U.S.C. §501; and

b. otherwise injured the business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

4) Entry of an Order requiring Defendants to account to and pay Plaintiff for all profits and damages resulting from Defendants' copyright infringement, or statutory damages, at Plaintiff's election, for all infringements involved in the action, with respect to any one work, for which any one defendant is liable individually, or for which defendants are liable jointly and severally with

11

another, in a sum of not less than $750 or more than $30,000 as the court considers just pursuant to 17 U. S. C. §504(c)(1), or to the extent the court finds that infringement was committed willfully, an award of statutory damages to a sum of not more than $150,000 per violation, pursuant to 17 U.S.C. §504(c)(2);

5) Entry of an award, pursuant to 17 U.S.C. § 505, of Plaintiff's costs and reasonable attorneys' fees and investigative fees, associated with bringing this action;

6) Entry of an Order that, upon Plaintiff's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs, or other alias seller identification or ecommerce store names used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s) and remain restrained until such funds are surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein;

7) Entry of an award of prejudgment interest on the judgment amount;

8) Entry of an Order for any further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 5th day of December, 2023.

> /s/ Lydia Pittaway
> Fla. Bar No: 0044790
> Ford Banister LLC
> 305 Broadway - Floor 7
> New York NY 10007
> Telephone: +1 212-500-3268

12

Fax: +1 212-500-3269
lpittaway@fordbanister.com
*Attorney for Plaintiff*